UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | NO. EP-25-CR-02262-LS |
| VICTOR PINEDA PAZ | § § § | |

## DEFENDANT'S MOTION TO COMPEL DISCOVERY

Mr. Pineda-Paz, the Defendant in this case, moves for an order compelling production of material and exculpatory items in the Government's possession; to wit, a Ford F-150 truck, New Mexico plates 928 XGY which was used for the illegal detention of Mr. Pineda Paz.

### I.      BACKGROUND

On August 21, 2025, Mr. Pineda-Paz was arrested for assault of a federal officer under 18 U.S.C. § 111 (a)(1). The Federal Public Defender was appointed to the case on August 22,2025 On August 27, 2025, Mr. Pineda-Paz appeared before Judge Berton for initial appearance.

On September 16, 2025, defense counsel filed a notice to the government for discovery and preservation of evidence (document 15). On September 18,2025 defense counsel requested the inspection of the vehicles involved in the case asking to be set the inspection for the following week, before tampering happens. The government not only denied counsel's right to inspect the vehicle in question, but also purposefully and willfully decided not to preserve the vehicle. Government refused both the preservation and the inspection requests (see exhibit A).

### ARGUMENT

Rule 16 requires that the Government provide, upon request, "item[s] material to preparing

the defense."[1] Further, the Standing Discovery Order directs the Government to provide the defense with *Brady* material without a specific request. Under *Brady*, the Government must disclose evidence that is "favorable to the accused and 'material to either guilt or punishment.'"[2] Evidence is considered exculpatory and favorable to the accused when a "reasonable probability" exists that, "if disclosed and used effectively, [the evidence] may make the difference between conviction and acquittal."[3] "When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within the general rule of *Brady*.'"[4] The prosecutor cannot be "an architect of a proceeding"; "society wins when not only the guilty are convicted but when criminal trials are fair."[5]

The vehicle used by the government in the incident during Mr. Pineda-Paz's initial encounter is material to his defense. Mr. Pineda-Paz plans to file a motion to suppress and possibly a motion to dismiss based on the legality of the stop and initial encounter. The vehicle used by the government is material to his defense. The government included in its discovery the photos of the vehicle that appear to be convenient for them. The government realizes the vehicle is relevant to the case and the defense since they did include some pictures in the discovery. However, the government has recognized this importance since day one, has willfully decided to block the defense preserving evidence and inspecting the vehicle.

The vehicle in question is, therefore, discoverable under Rule 16 and *Brady*.

---

[1] Fed. R. Crim. P. 16(a)(1)(E).

[2] *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

[3] *Id*. at 676, 682; *see United States v. Agurs*, 427 U.S. 97, 104 (1976) ("A fair analysis of the holding in *Brady* indicates that implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial.")

[4] *United States v. Bagley*, 473 U.S. 667, 677 (1985) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972).

[5] *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963).

## II.    CONCLUSION

For these reasons, Mr. Pineda-Paz respectfully asks that this Court grant his Motion to Compel the Government to provide him with the opportunity to inspect the vehicle.

Respectfully Submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender


/S/
MANUEL ACOSTA-RIVERA
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas  79901
(915) 534-6525
*Attorney for Mr. Pineda-Paz*


## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October 2025, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court using the CM/ECF system which will transmit notification of such filing to Scott Wisniewki, the attorney of record for the Government,.


/S/
MANUEL ACOSTA-RIVERA
*Attorney for Mr. Pineda-Paz*

EXHIBIT A – Emails regarding preservation of evidence

Dear Mr. Acosta,

I will not seek to remove the vehicle from use while you seek a ruling from the district court.

Thanks,

 Scott Wisniewski
Assistant United States Attorney
Western District of Texas, El Paso
Cell: (915) 549-6053

**From:** Manuel Acosta <Manuel_Acosta@fd.org>
**Sent:** Friday, September 19, 2025 10:48 AM
**To:** Wisniewski, Scott (USATXW) <Scott.Wisniewski@usdoj.gov>
**Cc:** Elyse Schneider <Elyse_Schneider@fd.org>; Shane McMahon <Shane_McMahon@fd.org>; Jaime Rodriguez <Jaime_Rodriguez@fd.org>; Katy Williams <Katy_Williams@fd.org>; Chelsea Muir <Chelsea_Muir@fd.org>
**Subject:** [EXTERNAL] RE: Vehicle inspections

Dear Mr. Winiewski:

I appreciate reaching out. I believe inspection of the vehicle is warranted when the "Government is sending me in the discovery pictures of the vehicle (which I imagine intends to introduce at trial).
I do not believe I have to explained to the prosecution my defense or theory of the case. I do know, I am entitled to review all the evidence in the case. The government vehicle involved is part of the evidence, as you have provided a picture of it.
I am requesting to inspect the vehicle, photograph, or video. I asked that it be preserved and as I mentioned to you previously, we can inspect the vehicle as soon as possible to not removed it from its normal operations.

If this request still unacceptable to you, please inform me and I will follow your advice and file my motion. However, while this motion is filed and ruled upon, I will urge you to request that the vehicle be preserved as it was at the time of the incident, as to avoid tampering and destruction of valuable evidence.

Please advice.



**Manuel Acosta**
**Attorney and Counselor at Law**
**Assistant Federal Public Defender**

Office of the Federal Public Defender
Western District of Texas
700 E. San Antonio, Suite D401
915-534-6525
915-534-6534 (Fax)

**From:** Wisniewski, Scott (USATXW) <Scott.Wisniewski@usdoj.gov>
**Sent:** Thursday, September 18, 2025 2:30 PM
**To:** Manuel Acosta <Manuel_Acosta@fd.org>
**Cc:** Elyse Schneider <Elyse_Schneider@fd.org>; Shane McMahon
<Shane_McMahon@fd.org>; Jaime Rodriguez <Jaime_Rodriguez@fd.org>; Katy Williams
<Katy_Williams@fd.org>; Chelsea Muir <Chelsea_Muir@fd.org>
**Subject:** RE: Vehicle inspections

Dear Mr. Acosta,

As an initial matter, I've just wrapped up initial discovery, and it should be provided to you
before the end of the day.

As to your request to inspect the vehicles in this case, as you'll see in discovery – and as I would
expect your client has already told you – the tractor trailer that your client was driving was
released to the trucking company which employed him. As that vehicle is not in government
custody, you would have to contact the trucking company to arrange an inspection of that
vehicle.

Separately, please let me know why you feel that an in-person inspection of the victim's vehicle
is warranted here. I try to be quite liberal in setting up defense viewings of evidence but can see
no way that an in-person inspection of the victim's vehicle would be exculpatory or otherwise
relevant to the defense. As you will see when you've viewed discovery, pictures were taken of
the victim's vehicle at the time of the offense, which show it to be an unmarked government
vehicle.

I have consulted with the case agent, who has informed me that there are no body- or dash-cams
in this case.

Thank you,



Scott Wisniewski
Assistant United States Attorney
Western District of Texas, El Paso
Cell: (915) 549-6053

**From:** Manuel Acosta <Manuel_Acosta@fd.org>
**Sent:** Thursday, September 18, 2025 1:40 PM
**To:** Wisniewski, Scott (USATXW) <Scott.Wisniewski@usdoj.gov>
**Cc:** Elyse Schneider <Elyse_Schneider@fd.org>; Shane McMahon <Shane_McMahon@fd.org>; Jaime Rodriguez <Jaime_Rodriguez@fd.org>; Katy Williams <Katy_Williams@fd.org>; Chelsea Muir <Chelsea_Muir@fd.org>
**Subject:** [EXTERNAL] Vehicle inspections

Dear Mr. Wisniewski:

I just received the notification that the government wants to proceed with this case, as it has been indicted.

When can we inspect the vehicles involved in the case? I would like to set the inspection for next week, before tampering happens.
It would be amazing if we can have the dashcam or body cam ahead of time.

Thank You



Manuel Acosta
Attorney and Counselor at Law
Assistant Federal Public Defender

Office of the Federal Public Defender
Western District of Texas
700 E. San Antonio, Suite D401
915-534-6525
915-534-6534 (Fax)

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | NO. EP-25-CR-02262-LS |
| VICTOR PINEDA PAZ | § § § | |

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY**

On this date the Court considered the Defendant's Motion To Compel Discovery filed in the above-entitled and numbered cause. This court, having considered the same, is of the opinion that the Motion should be granted.

It is therefore ORDERED that Defendant's Motion to Compel Discovery is hereby Granted.

IT IS FURTHER ORDERED that the Government PROVIDE the vehicle to Defendant on or before October ___, 2025.

SO ORDERED on this the_____day of_____, 2025.

_____
HON. JUDGE LEON SHYDLOWER
United States District Judge