**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | **CAUSE NO.  EP: 25-CR-02262-LS** |
| | § | |
| **v.** | § | |
| | § | |
| **VICTOR PINEDA PAZ,** | § | |
| | § | |
| **Defendant.** | § | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The United States of America respectfully files this Response in opposition to Defendant's

Motion for Bill of Particulars ("Motion") (ECF No. 35). The United States asks this Court to deny

Defendant's Motion for the following reasons.

## I.     Background

On August 21, 2025, U.S. Border Patrol Agent A.L., was driving to his duty station in Fort

Hancock, Texas. A.L. was employed as a K-9 Handler and was wearing his government-issue

Border Patrol uniform, driving an unmarked U.S. Border Patrol vehicle, which was equipped with

emergency lights and sirens. A.L. was set to begin his shift at 2:00 P.M.

At approximately 1:15 P.M., as A.L. was driving on Interstate 10, he observed a white

semi-truck swerving in and out of traffic, between lanes. As A.L. drove next to the semi-truck, the

semi-truck swerved into A.L.'s lane, causing A.L. to have to abruptly brake and veer off the road

to avoid being struck. Concerned that the driver of the semi-truck may have been experiencing a

medical emergency or mechanical issue, A.L. activated the emergency siren and emergency blue

and red lights on his unmarked Border Patrol vehicle and reentered the lanes on I-10 to pull over

the semi-truck. A.L. believed that due to the semi-truck's erratic driving, the truck posed a safety

1

risk to other vehicles driving on I-10. A.L. radioed Border Patrol Radio Communications, requesting that they contact the Texas Department of Public Safety for assistance.

Roughly 4 miles after A.L. activated his emergency equipment, the semi-truck pulled over. Immediately the Defendant, Victor Pineda Paz, exited the driver's side of the semi-truck and began quickly walking towards A.L.'s vehicle. A.L. exited his vehicle and heard Defendant swearing and yelling at A.L. that A.L. did not have the authority to pull him over. A.L. gave Defendant instructions to sit down and Defendant initially complied. A.L. went back to his vehicle to continue communicating with Border Patrol Radio Communications, at which point Defendant stood up and advised that he was leaving. A.L. instructed Defendant to sit down, but Defendant refused to comply. A.L. moved to stand in front of Defendant so that Defendant could not enter his semi-truck and drive away. Defendant then shoved A.L. in the chest using both hands.

A.L. wrapped his arms around Defendant and brought him to the ground. Defendant refused to allow A.L. to place cuffs on him and the two struggled for 30 seconds to a minute before A.L. was able to handcuff Defendant, who was arrested on a charge of Assaulting a Federal Officer.

On September 17, 2025 a federal grand jury seated in El Paso returned an indictment charging Defendant with a single count of Assaulting a Federal Officer, in violation of 18 U.S.C. § 111(a). Defendant waived arraignment and filed a written plea of not guilty on September 25, 2025. (ECF No. 20.)

On January 7, 2026, Defendant requested a trial in this matter (ECF No. 31), which was set for March 9, 2026[1] (ECF No. 33). On January 15, 2026, Defendant filed the instant motion,

---

1 At the time of filing this Response, currently pending before the Court is Defendant's motion to continue the March 9th trial setting (ECF No. 38). That motion is not opposed by the Government.

averring that the indictment was insufficient to apprise him of how A.L. was engaged in official duties at the time he was assaulted by Defendant. (ECF No. 35 at 2.)

## II.    Argument

Defendant moves for a bill of particulars as to how A.L. "was engaged in official Border Patrol duties at the time of the offense." (ECF No. 35 at 2.) His motion for a bill of particulars is untimely, and because he does not attempt to demonstrate cause for the untimeliness it should be denied. Even if decided on the merits, a bill of particulars is not warranted, as the indictment provides notice of the charge against him, and protects him from double jeopardy exposure.

### A.    Defendant's motion should be denied as untimely.

Fed. R. Crim. P. 7(f) permits a defendant to "move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Defendant waived arraignment on September 25, 2025 and any motion for a bill of particulars should have been filed no later than October 9, 2025. Yet Defendant waited several additional months, and requested a trial setting, before abruptly claiming that the indictment failed to sufficiently apprise him as to "how was A.L. engaged in official Border Patrol duties at the time of the offense". (ECF No. 35 at 2.)

Further, Defendant did so without acknowledging, let alone requesting permission, for the lateness of his filing. *See United States v. Pahlawan*, 761 F.Supp.3d 872, 900 (E.D.Va., 2025) (noting that it is for the district court to decide whether an untimely motion for bill of particulars may be considered); *United States v. Kahre*, 2009 WL 10715487, *2 (D. Nev., May 11, 2009) (noting that a court would be justified in denying a late-filed motion for bill of particulars based on untimeliness alone).

Because it is Defendant's burden to demonstrate that an untimely motion should nonetheless be heard, and he fails to do so here, his motion should be denied. *See United States v.*

*Pyke*, 271 F.Supp. 359 (S.D.N.Y., 1967) ("To consider the motions under such circumstances would make a mockery of the [timing] requirement and reduce it to a dead letter".)

### B.      A bill of particulars is not warranted.

"[D]isclosure by the government of its full theory of the case and all the evidentiary facts to support it […] is not and never has been required at the indictment stage—the only requirements are notice to the defendants and preclusion of double jeopardy. The government need do no more in the indictment." *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982). "The granting of a bill of particulars is addressed to the sound discretion of the trial court, and the exercise of this discretion cannot be reversed on appeal unless the court concludes that the defendant was actually surprised at the trial and thus that substantial rights of his were prejudiced by the denial." *Id.*, citing *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977).

"The purposes of a bill of particulars are to obviate surprises at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Boswell*, 109 F.4th 368, 383 (5th Cir. 2024). "It is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *Id.*

### 1.      Defendant has received notice of the charge against him.

Defendant makes no showing that he has not received notice of the charge against him. Indeed, the analysis which he has already undertaken in anticipation of the instant filing belies any such argument. Defendant recognizes that the government must prove that A.L. was "engaged in or on account of the performance of official duties" at the time of the assault, but seeks pretrial delineation of the evidence the government intends to use in support of that element. 18 U.S.C. § 111(a)(1).

Defendant argues that "vital questions remain" as to what A.L.'s duties were at the time the assault occurred: whether A.L. was on-duty or commuting; and whether a traffic stop falls within a Border Patrol Agent's official duties. (ECF No. 35 at 2-3.) These "vital questions" go to the evidence that the government will rely upon to prove that A.L. was engaged in or on account of official duties. The government is not required to disclose "its full theory of the case and all the evidentiary facts to support it" prior to trial. *See Hajecate*, *supra* at 898; *see also United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (holding that even where a bill of particulars lists "all" overt acts in furtherance of a conspiracy charge, the government is permitted to introduce additional evidence not part of bill).

Defendant argues that under Texas state law, A.L. was not permitted to make a traffic stop because this power is reserved for "peace officers", as defined under Texas law. (ECF No. 35 at 3.) But whether A.L.'s actions were justified by state law is immaterial to an 18 U.S.C. 111 charge. *See United States v. Lopez*, 710 F.2d 1071, 1073-74 (5th Cir. 1983) ("The arrest or detention by the federal officer may or may not have been authorized by state law, but in either event whether the conduct was in the performance of his "official duties" within the meaning of the federal statute is determined by federal, not state, law.").

Defendant has notice of the charges against him. While it appears that he anticipates putting the government to its burden of proof on the issue of whether A.L. was acting in or on account of the performance of his official duties, that is not a basis for the grant of a motion for bill of particulars.

**2.    The indictment protects against double jeopardy.**

Defendant fails to address the second basis for issuance of a bill of particulars under Fifth Circuit precedent: protection against double jeopardy in the event of acquittal. *Hajecate*, *supra* at

898. Here, the indictment spells out that Defendant faces charges for a forcible assault occurring on August 21, 2025, committed against A.L. In the absence of any argument that this notice does not sufficiently protect against double jeopardy concerns, the Court should decline to grant Defendant's motion on this basis.

## III.    Conclusion

Defendant concedes that the true reason he seeks a bill of particulars is to "mak[e] strategic decisions regarding suppression, jury instructions, and motions for judgment of acquittal." (ECF No. 35 at 4.) To gain a strategic advantage, prior to the introduction of the government's evidence at trial, is not a valid basis for ordering the government to submit a bill of particulars. Accordingly, the United States respectfully requests that the Court deny Defendant's motion.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By:    */s/ Scott Wisniewski*
SCOTT WISNIEWSKI
Assistant U.S. Attorney
Arizona Bar No. 035280
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the attorneys of record for Defendant.

By:   */s/ Scott Wisniewski*
      SCOTT WISNIEWSKI
      Assistant U.S. Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | **CAUSE NO.  EP: 25-CR-02262-LS** |
| | § | |
| **v.** | § | |
| | § | |
| **VICTOR PINEDA PAZ,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS

On this day, the Court considered Defendant's Motion for Bill of Particulars (ECF No. 35) ("Motion") and the United States of America's Response. After due consideration, the Court is of the opinion that the Defendant's Motion should be DENIED.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion (ECF No. 35) is DENIED.

SO ORDERED and signed this _____ day of _____, 2026.

_____
HONORABLE LEON SCHYDLOWER
UNITED STATES DISTRICT JUDGE

1