# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **EP: 25-CR-02262-LS** |
| **v.** | § | |
| | § | |
| **VICTOR PINEDA PAZ,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## GOVERNMENT'S MOTION FOR *FRYE* HEARING

The United States of America, by and through its United States Attorney and the undersigned Assistant United States Attorney, hereby files its Motion for *Frye* Hearing pursuant to the Supreme Court of the United States' guidance in *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

## I.     BACKGROUND

On September 17, 2025 a federal Grand Jury returned an indictment charging Defendant with a single violation of 18 U.S.C. § 111, stemming from an event occurring on August 21, 2025. (ECF No. 16.)

On March 4, 2026, undersigned counsel conveyed a plea offer to Defendant, through his attorneys of record. Based on conversations between counsel and the undersigned, that offer has been rejected. This case is set for trial commencing on March 23, 2026. (ECF No. 45.)

The United States now seeks a hearing, in advance of trial,[1] which will constitute an opportunity for the Government to place Defendant's rejection of the plea offer on the record. See generally *Frye*, 132 S. Ct. at 1399; *Lafler*, 132 S. Ct. at 1376.

## II.    ARGUMENT

The Supreme Court of the United States has indicated that a formal plea offer may be put on the record before a trial to ensure that a defendant is advised of the plea offer and is aware of the consequences of rejecting the offer. *See Frye*, 132 S. Ct. at 1399; *Lafler*, 132 S. Ct. at 1376. Both *Frye* and *Lafler* deal with ineffective assistance of counsel claims predicated on failures of counsel to communicate the existence or import of plea deals offered by the prosecution. *Frye* confirmed that the Sixth Amendment right to the effective assistance of counsel applies to the negotiations surrounding lapsed or rejected plea offers. *Frye*, 132 S. Ct. at 1407-1408. In *Lafler*, which was decided the same day as *Frye*, the Supreme Court held that a defendant who turned down a favorable plea offer because he received incorrect legal advice from his attorney may maintain a claim for ineffective assistance of counsel. *See Lafler*, 132 S. Ct. at 1385.

The United States now seeks to place on the record the fact of the United States' plea offer and the Defendant's rejection of said plea offer in order to guard against any potential future claim that the plea offer was not clearly communicated to the Defendant prior to trial. Such relief is consistent with the Supreme Court's suggestion in *Frye* that "formal [plea] offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those proceedings commence." *See Frye*, 132 S. Ct. at 1408-1409.

---

[1] In light of the ongoing measles outbreak affecting court operations, *see* ECF No. 47, and defense counsel's representation that Defendant has rejected the current plea offer, the Government does not oppose conducting the *Frye* colloquy immediately prior to jury selection.

Through this request, the United States neither seeks to inquire or to have the Court inquire into the attorney-client communications between the Defendant and the Defendant's counsel. The United States also does not mean to suggest in any way that defense counsel has acted outside the norms of counsel's professional responsibilities. Furthermore, the United States does not make this Motion to involve the Court improperly in plea negotiations. Rather, making the United States' plea offer and the Defendant's rejection of said offer part of the record would ensure that the Defendant has been fully advised of the plea offer, has had an opportunity to discuss the offer with defense counsel, and understands the consequences of rejecting the offer.

## III.    CONCLUSION

WHEREFORE, premises considered, the United States requests that the instant Motion be granted, and the Court conduct a *Frye* hearing at its earliest convenience.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By:    */s/ Scott Wisniewski*
SCOTT WISNIEWSKI
Assistant U.S. Attorney
Arizona Bar No. 035280
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the attorneys of record for each Defendant.

/s/ Scott Wisniewski
SCOTT WISNIEWSKI
Assistant U.S. Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **EP: 25-CR-02262-LS** |
| **v.** | § | |
| | § | |
| **VICTOR PINEDA PAZ,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## <u>ORDER ON GOVERNMENT'S MOTION FOR *FRYE* HEARING</u>

On this day came to be considered the United States' Motion for *Frye* Hearing in the above-entitled and numbered cause, and the Court having considered the same, is of the opinion that said Motion should be GRANTED.

IT IS THEREFORE ORDERED that the requested hearing will occur, on the _____ day of _____, 2026 at _____ a.m./p.m.

IT IS SO ORDERED.

_____
HONORABLE LEON SCHYDLOWER
UNITED STATES DISTRICT JUDGE

5